# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—MARCH TERM, 1897.

## Samuel Franklin v. Iretus R. Krum and J. Fraser.

1. CONTINUANCES—*Amendments as Ground For.*—The court holds that the amendment to the declaration in this case did not materially change the nature of the action; that it was such that defendant could not have been injured thereby, and that it furnished no ground for continuance.

2. CONTRACTS—*Readiness to Perform.*—A contracted to deliver to B a certain quantity of lumber at such time before a specified date, as might suit the convenience of B. After receiving part of the lumber B refused to accept the remainder. *Held*, that it was not essential to a recovery that A should have had all the lumber on hand ready for delivery from the date of the contract to the time of B's refusal to perform on his part, but that it was sufficient if A had and was ready to deliver the lumber whenever B wished for it.

3. SALES—*When Tender of Goods Sold is Unnecessary.*—If the vendee in a contract of sale for future delivery notifies the vendor that he will not receive the goods, the vendor is thereby absolved from any obligation that he might otherwise have been under to make a tender.

Assumpsit, on a contract of sale. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

### STATEMENT OF THE CASE.

This record brings for review a judgment for $1,500, entered against the appellant for damages alleged to have

(649)

been sustained by appellant's refusal to accept 900,000 feet of lumber under a written contract made between him and appellees.

Appellant, at the time that the contract in question was entered into, was engaged in the manufacture of moldings and picture frames in Chicago, and was an extensive user of lumber in that business. It appears that only dry lumber could be used in the manufacture of moldings and picture frames, and that winter-sawed lumber was more nearly fit for such purpose than any other.

That there was a refusal to accept lumber from appellees under the contract sued upon, is conceded. There is a difference between the parties as to the cause of the refusal. Appellant insists that he was warranted in refusing to to accept the lumber which was being delivered to him by appellees, because of its inferior quality and because it was not within the terms of the contract, the complaint being that it was green and wet, and the sizes, and percentages of sizes, not in accordance with the contract. The appellees insist that there was no cause for appellant's refusal to accept the lumber, and claim that a fall in the market value of the lumber and business depression was the cause of this refusal.

The declaration avers that the appellees were ready and willing at all times after the execution of the contract, between March 3, 1893, and November 1, 1893, to deliver the balance of lumber, and that appellees repeatedly tendered and offered to deliver the balance of the lumber in quantities and at times to suit the convenience of appellant; that appellees suffered loss in the depreciation of the market value of the lumber, and were obliged to resell the balance of the lumber at a large expense.

A plea of general issue was interposed to this amended declaration. On the trial, in the course of taking evidence, appellees asked and obtained leave, over the objection of appellant, to amend this amended declaration. First, by increasing the *ad damnum*. Second, by striking out of the amended declaration the last paragraph : " And were

obliged to sell said balance of 899,500 feet of lumber, at an expense in reselling same of $500." Upon this latter amendment being permitted appellant moved for a continuance on the ground of surprise, and tendered his affidavit in support of the motion, but the court overruled the motion.

The jury returned a verdict of $1,500 in favor of the appellees, upon which there was judgment.

Pam & Donnelly, attorneys for appellant.

Smiley & Clark, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

The declaration originally read as follows:

"Whereby plaintiffs say they suffered great loss in the depreciation of the market value of said 899,500 feet of said lumber, and were obliged to sell said balance of 899,500 feet of lumber at an expense in reselling same of five hundred dollars, to the damage of the plaintiffs of twenty-five hundred dollars, and, therefore, they bring their suit," etc.

This was amended so as to read:

"Whereby the plaintiffs say they suffered great loss in the depreciation of the market value of said 899,500 feet of said lumber to the damage of the plaintiffs of $3,500, and, therefore, they bring their suit," etc.

Because of such amendment appellant applied for a continuance and filed an affidavit in support of the same.

The amendment of the declaration did not materially change the nature of the action, nor was it such that appellant could have been injured thereby.

Appellant insists that the court held that it was not necessary for appellees to show that they were ready, able and willing to deliver the lumber in accordance with the terms of the contract. On the contrary, the court instructed the jury as follows:

"The court instructs the jury that before the plaintiffs

can recover herein they must show that they were ready, able and willing to perform their part of the contract in accordance with the terms thereof, and if you find from the evidence that the plaintiffs were unable to perform the contract, in so far as it was by them to be performed, in accordance with the terms thereof, then the plaintiffs can not recover, and your verdict herein should be for the defendant."

Apparently from the course of the trial, it seems that appellant's contention was that from the making of this contract to the refusal of appellant to carry out the same, it was obligatory upon appellees to have had all the lumber on hand ready for delivery. Such is not the law. It was sufficient for the purposes of the contract if appellees had and were ready to deliver the lumber whenever appellant wished for it.

Nor did the averment in the plaintiff's declaration, that from the execution of the contract, March 3, 1893, to the first day of November, 1893, they had been ready and willing to deliver all of the lumber, compel appellees to prove that during this period they had in their possesion all of such lumber. Nor were appellees, as is insisted, obliged to show that they tendered to appellant the lumber described in the contract.

On the 8th of August, 1893, appellant sent to appellees the following letter:

"Chicago, 8—1—93.

Krum, Fraser & Co.

Dear Sir: We can not understand why, after you received instructions from us to cease shipping, you sent this car of lumber. Business is very poor and the prospects are unfavorable, and we do not want to buy anything that we are not sure that we can pay for. This car was delivered and accepted by us, but we would like the bill dated August 1st. Do not ship us any more lumber until you receive orders to do so, as we will not accept it.

Yours truly,
S. Franklin."

On the 9th day of the same month, appellant sent the following letter:

"Chicago, 8—9—'93.

Krum, Fraser & Co., City.

Gentlemen:    After tallying the last two cars of lumber, we find that the percentage of first and second does not exceed 35 per cent, while you contracted and agreed that there should be at least 50 per cent, and also that 75 to 80 per cent should be 12 feet.    The first and second is almost all 14 feet, which makes it of no more value to us than common.    We can not use this at the price, and hold it subject to your order, and also we wish the contract annulled.    We will not receive any more lumber on it.    You have yourself broken the contract by not delivering enough first and second and the percentage of 12 feet as provided for in the same.

Yours truly,

S. Franklin."

To which appellees, on the 10th of the same month, replied, saying, among other things:    "We are ready to furnish you with the remainder of the quantity as per contract, delivering just what we agreed to in respect to the percentage of first and second clear, and also the 12 foot lengths," to which appellant on the 23d made the following reply:

"Chicago, 8—23—'93.

Krum, Fraser & Co., City.

Dear Sir:    With reference to your recent communication, relative to contract for basswood, we would like to see one of your firm.    On thing is certain, we can not, so long as the present condition of business lasts, accept any more lumber, as we have no use for it, having now more stock than we will use all the next month, as we are running with but one-third of our usual force and only, on the average, three days to a week, eight hours per day.    Money is exceedingly tight, collections difficult, and we will not contract any bills which we do not see our way to pay when they mature.

Yours truly,

S. Franklin."

Appellant afterward saw one of the appellees, and told him that he would not receive any more lumber. Certainly this conduct on the part of appellant absolved appellees from any obligation that they might otherwise have been under to make a tender of the lumber.

The action of the court in admitting in rebuttal the testimony of the witnesses Pingle, Manthei and Fraser was within its discretion.

Appellant also complains of the admission in evidence of two of the letters heretofore mentioned. That the letters came from appellant and were dictated by him and forwarded at his instance, was abundantly shown.

We do not think that the verdict is against the weight of the evidence, or that the damages awarded are excessive. The jury was fully and fairly instructed, in such a manner that appellant has no reason to complain of the action of the court in this regard. At his instance sixteen instructions were given, which fully covered the law applicable to the case.

The judgment of the Superior Court is affirmed.